**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

**CASE No.: 4:20-CV-10085-JLK**

WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE FOR NRP MORTGAGE TRUST I,

   Plaintiff and Counter-Defendant,

v.

INTEGON NATIONAL INSURANCE COMPANY, foreign profit corporation and NATIONAL GENERAL INSURANCE COMPANY, a foreign profit corporation,

   Defendant and Counter-Plaintiff,
_____/

**ORDER DENYING AMENDED MOTION TO DISMISS COUNTERCLAIM**

**THIS MATTER** comes before the Court upon Plaintiff and Counter-Defendant's Amended[1] Motion to Dismiss Counterclaim (the "Motion") (DE 10), filed September 30, 2020. The Court has also Considered Defendant and Counter-Plaintiff's Response (DE 16) and Plaintiff and Counter-Defendant's Reply (DE 17).

**I. BACKGROUND**

Homeowners Aaron Hernandez and Tech USA, Inc. ("Homeowners") obtained a mortgage loan from BSI Financial Service, Inc. ("BSI"). Countercl. ¶¶ 11–12, DE 4. As per the mortgage agreement, Homeowners were required to insure their home; and if they did not, BSI had the right to obtain a lender-placed insurance policy on the property. *Id.* ¶ 16 Because BSI

---

[1] Counter-Defendant's Amended Motion is "substantially identical" to its original Motion to Dismiss (DE 8). Mot. at 1 n.1 The Amended Motion is filed to correct a clerical error.

1

thought the mortgagor Homeowners failed obtain an insurance policy, BSI as mortgagee obtained an insurance policy from Integon. *Id*.

On or about September 10, 2017, Hurricane Irma damaged Homeowners' property and BSI filed a claim with Integon for the damage to the property. *Id*. ¶ 18. It was then discovered that Homeowners had in fact insured the property, obtaining an insurance policy from Lloyd's of London. *Id*. ¶ 21 The Lloyd's policy was in effect at the time of the loss, and Lloyd's issued payment to Homeowners for their damages. *Id*. ¶ 21, 24. Integon claims that it issued its policy to BSI because it "mistakenly believed" that the mortgaged property was uninsured. Resp. at 2. Wilmington Savings Fund ("Wilmington") acquired its interest in the property through an assignment of claim for damages from BSI dated June 8, 2021, and Wilmington is now the assignee of BSI. Compl. ¶ 7, DE 1-2.

On June 16, 2020, Wilmington filed its Complaint against Integon, alleging breach of contract for failing to pay on its insurance policy and seeking declaratory judgment in State Court. *See* Compl. On July 28, 2020, Integon removed this action based on diversity of citizenship. *See* Not. of Removal, DE 1. On August 10, 2020, Integon filed its Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim. DE 4. Integon's Answer denies breach of contract and counterclaims for declaratory judgment seeking clarification whether Integon's policy was void or voidable in light of the fact there was a previously issued insurance policy in effect from Lloyd's of London on the date of loss. *See* Countercl.

Wilmington moves, under Federal Rule of Civil Procedure 12(b)(6), to have the Counterclaim dismissed because Integon's request for declaratory relief fails to state a cause of action upon which declaratory relief can be granted and is a redundant claim. *See* Mot.

## II. LEGAL STANDARD

Counterclaims are held to the same pleading standards applied to complaints. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1141 (11th Cir. 2005). Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So long as the complaint properly alleges facts that make its claims plausible, the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Iqbal*, 556 U.S. at 680. If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Id.* The Court must dismiss a complaint or counterclaim that does not present a plausible claim entitled to relief.

## III. DISCUSSION

### A. Sufficient Facts to State a Claim

Plaintiff and Counter-Defendant Wilmington's Motion argues that Integon's Counterclaim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim. *See* Mot. The Integon Policy reads in pertinent part:

3

> Insurance under this RESIDENTIAL PROPRETY FORM will automatically terminate on the effective date and time of any other insurance coverage acceptable to YOU. WE shall not make any payment for LOSS if other insurance acceptable to YOU is in force on the DATE OF LOSS.
> DE 1-2 at 20.

Specifically, Wilmington argues that the Policy language requires Counter-Plaintiff Integon to plead that the existing Lloyd's policy was "acceptable" to Wilmington, but Integon merely conclusively states in its Counterclaim that "[g]iven the existence of the Lloyd's Policy, the [Integon Policy] was void or voidable." Mot. at 2.

In its Response, Integon argues that Wilmington's Motion to Dismiss the Counterclaim should be denied because the Counterclaim clearly includes "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8 and that Integon has alleged enough facts to demonstrate "that the language of the 'conditions' section of its policy precludes coverage." Resp. at 6.

To maintain an action for a declaratory judgment, the "plaintiff must allege facts indicating a 'substantial continuing controversy between two adverse parties' that is not 'conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of injury.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). In its Counterclaim, Integon alleges ". . . it was determined that there was a *Lloyd's Dwelling Three WITH Wind Insurance Policy* . . . which covers damages sustained to the Property from multiple sources, including those alleged as a cause of the Loss." Countercl. ¶ 21. Integon further alleges that "The Lloyd's Policy was in effect from January 23, 2017 to January 23, 2018, which covers the time frame when the Loss occurred . . ." and ". . . the Claim pursued by Wilmington in this matter was paid under the Lloyd's policy." *Id.* ¶¶ 23–24.

4

Considering all allegations in its Counterclaim, Integon articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Counterclaim includes a "short and plain statement of the claim" showing that Integon is entitled to seek declaratory judgment under the Policy language. Fed. R. Civ. P. 8(a)(2).

**B. The Statutory Element of Misrepresentation**

Counter-Defendant Wilmington additionally argues in its Motion that Integon attempts to circumvent Florida Statute Section 627.409 which requires misrepresentation to rescind a binding contract. Mot. at 6. Specifically, Wilmington argues that Integon has not plead facts alleging any misrepresentation or deception to meet the statutory threshold for recession. *Id*. In its Response, Integon argues that even without material misrepresentation, the Policy can still be found void or voidable because there was no "meeting of the minds." Resp. at 7. Integon further argues that because ". . . Wilmington disputes that this policy is void, the Counterclaim states a cause of action for declaratory relief with respect to rescission." *Id*. at 8.

"[P]ursuant to [S]ection 627.409, the legislature has mandated that "any misrepresentation, **innocent or intentional**, will void an insurance contract if the misrepresentation 'is material either to the acceptance of the risk or to the hazard assumed by the insurer' or '[i]f the true facts had been known to the insurer . . . , the insurer in good faith would not have issued the policy. . . .'" *Universal Prop. & Cas. Ins. Co. v. Johnson*, 114 So. 3d 1031, 1037, (Fla. 1st DCA 2003) (citing *GRG Transport, Inc. v. Certain Underwriters at Lloyd's, London*, 896 So. 2d 922, 925 (Fla. 3d DCA 2005) (bold added; quoting § 627.409).

In its Counterclaim, Integon alleges that "[g]iven the existence of the Lloyd's Policy, the [Integon] Policy was void or voidable and Integon would not have paid the Claim." Countercl. ¶ 26. Further, "[h]ad Integon been aware of the existence of the Lloyd's Policy, it would not have

issued the subject . . . Policy." *Id*. ¶ 25. Since Integon alleges that the Policy is void because it would not have issued the policy if the true facts were known, the Counterclaim states a cause of action for declaratory relief with respect to rescission. A mutual mistake may be a ground for rescission if plead properly. *See*, *e.g.*, *CJM Fin., Inc. v. Castillo Grand, LLC*, 40 So. 3d 863 (Fla. 4th DCA 2010).

### C. Redundancy of Claims

Counter-Defendant Wilmington lastly argues that the Counterclaim is redundant because "Integon's Second Affirmative Defense, section c, squarely presents the issue of whether the Integon Policy is void based on the exact provision cited in the Counterclaim." Mot. at 8. In its Response, Integon states the "Counterclaim serves a useful purpose as it alleges a different cause of action than the complaint, and seeks relief not sought in the complaint." Resp. at 8 (citing *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011).

"[I]n order to discern whether a declaratory action serves a useful purpose, courts should consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendant[], would resolve all questions raised by the counterclaim.'" *Evanston Ins. Co. v. Gaddis Corp*., 2015 U.S. Dist. LEXIS 58112, at *7 (S.D. Fla. May 4, 2015) (citing *Medmarc* 783 F.Supp.2d at 1217). The Complaint alleges breach of contract whereas the Counterclaim requests declaratory judgment independent from the relief sought by Wilmington. Resp. at 10. Because the relief sought in the affirmative defense and the Counterclaim are different, the Counterclaim is not redundant.

### IV. CONCLUSION

Accordingly, upon careful consideration, it is **ORDERED, ADJUDGED, and DECREED** that

1) Plaintiff and Counter-Defendant's Amended Motion to Dismiss Counterclaim **(DE 10)** be, and the same is, hereby **DENIED**; and

2) Plaintiff's Unopposed Motion to Strike from the Record Plaintiff's Motion to Dismiss **(DE 11)** is **GRANTED.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 28th day of April, 2021.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:** All counsel of record